BERTHA BRENGEL, CHARLOTTE J. LINDERS, FRED W. LINDERS,
IRMA LINDERS, by next friend, and ROBERT E. LINDERS,
by next friend, complainants-appellants,

*v.*

ARTHUR O'TOOLE, executor of the estate of Amelia Tierney,
defendant-respondent.

[Submitted May term, 1928.   Decided October 15th, 1928.]

1. Where a will gives the executor the naked power to sell land without further duties except to distribute the proceeds, devisees under the will are entitled to retain possession pending the sale.

2. A will which directed the executor to sell real property and distribute the proceeds to devisees, subject to the payment of certain bequests, and which gave the same devisees the residue of the testa-

trix' estate, gave the devisees the testatrix' land to the exclusion of the heirs-at-law.

3. The fact that an action of ejectment is instituted while chancery proceedings are pending merely affords ground for a plea in abatement, if the causes of action are the same at law and in equity.

4. A court of equity can give no relief where the court of law which pronounced judgment was competent to determine the grievance and the party either urged it unsuccessfully before the court of law, or negligently overlooked it.

5. An injunction to restrain proceedings in an ejectment action *held* to have been improperly granted after judgment had been entered therein, where no fraud or other special equitable grounds were alleged, though the ejectment suit was instituted during the pendency of chancery proceedings involving the issue of title of the devisees to the property in question under the will.

6. An order enjoining further prosecution of an ejectment suit by devisees to recover possession of land pending sale by the executor and chancery proceedings for the construction of the will, *held*, improperly granted, where the will gave the devisees the proceeds of the property with a mere naked power in the executor to sell.

7. In a suit by devisees against the executor for an accounting and to compel conveyance of certain property of the testator, counsel fees should not be-awarded either side, where part of the relief sought was denied and the denial was acquiesced in, and where the executor had improperly assumed control of the property.

8. Persons who were without interest in the property and were not made parties to the suit by the devisees against the executor for an accounting and to compel conveyance by him of property, by any act of the complainant, were not entitled to counsel fees.

On appeal from the court of chancery.

*Messrs. Melosh, Morten & Melosh,* for the appellants.

*Messrs. Perkins & Drewen,* for the respondent.

The opinion of the court was delivered by

LLOYD, J.

The appeals in these cases are from a chancery order restraining the complainants below from proceeding with a certain action of ejectment in the Supreme Court, and from a final decree construing the will of Amelia Tierney on a counter-claim of the defendant in the equity suit and dismissing complainants' bill.

Amelia Tierney died February 1st, 1927, having left a will
in which she appointed Arthur O'Toole as her executor and
directed that he sell her real property situated at 143 Man-
hattan avenue, Jersey City, and distribute the proceeds share
and share alike to the appellants, with the proviso that certain
bequests to Joseph Molen and Billy Barr be paid before such
distribution.  By a residuary clause she gave all the rest,
residue and remainder of her estate to the same named
persons.

The bill of complaint, after reciting these provisions of the
will, and averring that the executor is collecting the rents of
the described real estate, prays an accounting, that the execu-
tor be restrained from continuing the collection of the rents
or assuming to control or manage the property, and tenders a
readiness to advance the moneys necessary to pay the debts,
legacies and charges, and avers that the complainants are the
sole devisees and legatees, subject to the specific legacies and
expenses of administration of the estate of the testator, and
demands conveyance of the property.

To the bill the executor made answer and filed a counter-
claim setting up that two nieces of the testatrix (Clara Tullio
and Ida Soper) might have an interest as heirs-at-law, and
praying instruction of the court as to the proper construction
of the will.  The two nieces later became parties and filed
answers.

Pending the proceeding in equity complainants instituted
an action of ejectment against the executor to recover the
possession of the property No. 143 Manhattan avenue and
obtained judgment therein.  Thereupon the executor peti-
tioned the court of chancery for the order restraining the
further prosecution of the action of ejectment, which order
was granted, and is now one of the subjects of these appeals.

The chancery case was then proceeded in to final hearing,
the bill of complaint dismissed, and on the counter-claim it
was decreed that the will contained no devise of the lands;
that the lands do not pass under the residuary clause of the
will; that the testatrix died intestate as to the property in
Jersey City, and that the same descended to her heirs-at-law,

subject to the power of sale in the executor, and that they were entitled to its possession.

Our examination of the will leads us to the conclusion that the construction placed thereon by the learned vice-chancellor cannot be sustained and that the restraining order prohibiting further proceedings at law was wrong. By the will a naked power to sell was given to the executor. He had no further duties to perform except to distribute the proceeds to the persons named, subject to the payment of the two legacies. Pending such sale those entitled to the real estate held the right to its possession. These were the devisees, if any, named in the will, or the heirs-at-law if no testamentary disposition were made.

In the will we think there is to be found clear testamentary disposition of the property, if not in the direction that the proceeds of sale be paid to the appellants, then certainly in the devise of the rest, residue and remainder of the estate to the same persons. We think the obvious intent of the testatrix was to give to the specified relatives the property and the direction to the executor to sell and distribute its avails was simply the method by which this intent should be carried into effect; and if we assume that the clause first quoted is insufficient for the purpose and effected no testamentary devise, then it is apparent that the property in question fell into the residue of the estate, as to which there is the devise to the same persons as would take under the earlier clause.

In this situation the appellants did not take as heirs-at-law in common with the two omitted nieces of the testatrix but alone as devisees under the will.

As to the restraining order the plaintiffs are not to be thus deprived of the benefit of the solemn judgment of the supreme court. *Raimondi* v. *Bianchi, 102 N. J. Eq. 254.* While it is true the action of ejectment was instituted and proceeded to judgment while the chancery proceeding was pending, this but afforded ground for a plea in abatement which was open to the defendant in the action if the causes of action were the same. Availing himself of this privilege the executor filed an answer setting up the pending chancery

proceeding and the same contentions on the merits as in his counter-claim in the equity suit. On motion this answer was stricken out and judgment final entered in the ejectment action. From this judgment no appeal was taken, but the restraining order was prayed for in chancery and allowed. In the *Bianchi Case,* Justice Campbell, quoting from an earlier case in chancery, sets forth the grounds on which equity may act in such cases and adds: "Where the grievance he [the defendant] attempts to urge is one that the court which pronounced the judgment is competent to hear and decide, and he has either urged it there unsuccessfully or has negligently omitted to do so, this court [equity] can give no relief."

No fraud or other special grounds as set forth in the case cited being alleged and the defendant having unsuccessfully interposed the matter which he later made the basis of his appeal to chancery (a subject-matter cognizable in a court of law) it is not open to the court of chancery to thus summarily deprive the appellants of the benefit of the judgment they had obtained. On the broader ground as well that the appellants are entitled to the possession of the property pending a sale by the executor, we also think the order was improperly made.

The prayer of the bill that the executor be required to convey the property to the appellants was denied and from this denial no appeal is taken. In view of the fact that so much of the bill as prayed that the executor convey to the appellants was denied by the court and this denial acquiesced in by them, and that the executor improperly assumed control of the property, we think counsel fees should not be awarded to either side; counsel fees should also be disallowed to Clara Tullio and Ida Soper inasmuch as they are without interest in the property and were not made parties to the litigation by any act of the complainants.

The decrees and the order appealed from are reversed and the court below is directed to proceed with the cause in accordance with the views expressed in this opinion.

*For affirmance*—KALISCH, BLACK, CAMPBELL, JJ.    3.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KATZENBACH, LLOYD, WHITE, VAN BUSKIRK, MC-GLENNON, KAYS, HETFIELD, DEAR, JJ.    12.